FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 5 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHERRY HUANG, a/k/a WEI FANG HUANG,

                Plaintiff,

    -against-

TRAVEL MAN (USA) INC.
MANNY WU

                Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

02-cv-6270
(SJF)(VVP)

**OPINION & ORDER**

I.    Background

Plaintiff initiated this action on November 26, 2002, alleging battery, sexual assault, breach of contract, breach of fiduciary duty, fraud, unjust enrichment and grand theft arising out of her alleged $50,000 investment in Defendants' business enterprise. Defendants failed to appear at a number of status conferences before Magistrate Judge Viktor V. Pohorelsky, (Docket Entry ## 3, 6, 8), and Plaintiff moved for entry of a default judgment on September 24, 2003. (Docket Entry # 9). On April 4, 2005, Defendants failed to appear at a status conference before the undersigned,[1] and the Court provisionally granted Plaintiff default judgment in the amount of $50,000 on the condition that plaintiff's counsel properly obtain a clerk's certificate of the default from the judgment clerk. (Docket Entry #11).

On June 9, 2005, Oliver G. Zhou, counsel for plaintiff, sent a letter to the Court, stating "You have promised to send me the judgment motion within two to three weeks [of the April 4, 2005 conference]. Today is June 8, 2005, and we still haven't received any documents from you

---

[1] The case was reassigned from the Honorable David G. Trager to the undersigned on October 15, 2003.

1

yet. Please provide us with the judgment motion ASAP and copies of materials and documents I provide [sic] you on 4/4/05." (Jun. 9, 2005 Letter). On June 21, 2005, Brian Ketcham, Case Manager to the Court, endorsed the following notice on the June 9, 2005 letter:

> I called Mr. Zhou on 6/21/05 and left a voicemail explaining that the Judgment Clerk is not in receipt of an affidavit of service of the summons and complaint and hence, will not note a defendant in default. I instructed Mr. Zhou to forward a copy of his affidavit of service to Janet Hamilton, Judgment Clerk in the Brooklyn Office.

(Docket Entry #12). On July 29, 2005, Plaintiff filed an "Attidavit [sic] of Service for Default Judgment by Sherry Huang." (Docket Entry #13). According to that Affidavit, Plaintiff attempted to effect service by mailing the "motion for default judgment papers" to both Defendants, at different addresses, via certified mail, return receipt requested.[2] Both sets of papers were returned by the Post Office as "Not deliverable as addressed, unable to forward." Plaintiff also claims to have hired a private investigator, who "confirmed that the . . . addresses [to which Plaintiff claims to have sent the default judgment papers] are correct ones for defendants." (Jul. 29 Aff. ¶ 10).

Attached to the "Attidavit of Service for Default Judgment by Sherry Huang" is an "Affidavit of Service" purporting to document service of the summons and complaint on "Manny Wu." According to this document, an individual named Linden C. Blackman attempted to personally serve Mr. Wu on each of June 2, June 4 and June 7, 2003 at what is alleged to be his dwelling house, 146-12 Kalmia Avenue, Flushing, New York 11355. Apparently unable to

---

[2]Mr. Zhou also claims, in a July 29, 2005 document entitled "Proof of Service," that he "caused to be served the following documents, Answer and Counterclaims . . . on July 28, 2005 . . . ." (Zhou Aff.) It is unclear which "Answer and Counterclaims" Mr. Zhou claims to have mailed, as he is Plaintiff's counsel in this action and, in any event, no such document appears on the docket sheet.

2

effect personal service, the Affidavit claims that on June 7, 2003 Mr. Blackman affixed a copy of the summons and complaint to the door of Mr. Wu's alleged dwelling house and, on June 10, 2003, mailed a copy to the same address by first class mail.[3] Plaintiff has not submitted any documentation purporting to effect service on the corporate defendant.

II. Analysis

The Federal Rules of Civil Procedure place the responsibility for proper service of a summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff. Fed. R. Civ. P. 4(c)(1); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999). Under Fed. R. Civ. P. 4(e), there are three methods by which proper service can be effected: (1) pursuant to the law of the state in which the district court is located, in this instance New York, Fed. R. Civ. P. 4(e)(1); (2) pursuant to the law in which service is effected, again in New York, id.; or (3) by

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

A plaintiff seeking entry of a default judgment must demonstrate proper service pursuant to one of the three methods listed above. See In re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985); The American Inst. of Cert. Pub. Acc. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375-78 (S.D.N.Y. 1998); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Forman 635 Joint Venture et al.,

---

[3]Magistrate Judge Pohorelsky granted Plaintiff until July 17, 2003 to effect service. (Docket Entry # 4).

1996 U.S. Dist. LEXIS 6949, at *9 (S.D.N.Y. May 21, 1996); see also U.S. Dist. Ct. Rules, S. & E.D.N.Y., Local Rule 55.1 (requiring a party applying for a certificate of default by the clerk to submit an affidavit showing, inter alia, "that the pleading to which no response has been made was properly served.")

A. The Individual Defendant

Plaintiff concedes that she was unable to personally deliver a copy of the summons and complaint on any individual, (Blackman Aff. Service), and she must therefore demonstrate compliance with the New York state rules of service in order for this Court to have jurisdiction over Mr. Wu. Fed. R. Civ. P. 4(e)(1). She appears to contend that service was effected on Mr. Wu on June 10, 2003 upon Mr. Blackman's mailing of the summons and complaint.

The New York Civil Practice Law and Rules ("CPLR") authorize five methods of personal service on a natural person. CPLR 308. Because Plaintiff has neither personally served a copy of the summons and complaint on any person, nor moved this Court for special service under CPLR 308(5), the only possible provision under which it could have effected service is CPLR(4). CPLR 308(4) authorizes a plaintiff, after attempting personal service on the defendant or another individual of suitable age and discretion, to effect service by "affixing the summons to the door of . . . [the] dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served . . . ." See also Beller & Keller v. Tyler, 120 F.3d 21, 26 (2d Cir. 1997) (holding that, in a federal action in which New York "nail and mail" service

has been used, service is complete upon the mailing, and that the "proof of service" requirement in CPLR 308(4) does not apply).

It is well-established that "due to the reduced likelihood that a defendant will actually receive the summons when served pursuant to CPLR 308(4), the requirement of 'due diligence' must be strictly observed, and . . . that the burden of proving due diligence rests upon the plaintiff." State Higher Educ. Servs. Corp. v. Cacia, 235 A.D.2d 986, 987 (3d Dep't 1997); see also Gurevitch v. Goodman, 269 A.D.2d 355 (2d Dep't 2000). Furthermore, the due diligence requirement "refers to the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency." Smith v. Wilson, 130 A.D.2d 821, 822 (3d Dep't 1987); see also Chase Manhattan Bank, N.A. v. Carlson, 113 A.D.2d 734, 735 (2d Dep't 1985) (holding that the affidavit of service must be sufficient to satisfy the court that the plaintiff's burden of due diligence has been satisfied);

In the present case, Plaintiff submitted an affidavit documenting its attempt at both personal and 'nail and mail' service on Mr. Wu at 146-12 Kalmia Avenue, Flushing, New York 11355. It is not at all clear from the documentation submitted by Plaintiff, however, that this address is actually Mr. Wu's dwelling place, usual place of abode or last known residence. Indeed, Plaintiff's various affidavits identify no fewer than three addresses for Mr. Wu: 1558 127th Street, College Point, New York 11356-2347, 14612 Kalmia Avenue,[4] Flushing, New York 11355 and P.O. Box 564264, College Point, New York 11356. (Undated Zhou Affirmation of Service for Default Judgment Civil Action at 1, and Ex. 1). Service on Mr. Wu,

---

[4] It is not insignificant that Mr. Zhou claims in his undated Affirmation of Service for Default Judgment Civil Action that the address is "14612 Kalmia Avenue," whereas Mr. Blackman attempted service at "146-12 Kalmia Avenue."

however, was only attempted at 146-12 Kalmia Avenue. Because Plaintiff has not established that 146-12 Kalmia Avenue, or for that matter, any of the addresses identified by Plaintiff, is Mr. Wu's dwelling place, usual place of abode or last known residence, Plaintiff has failed to demonstrate proper service on Mr. Wu, and her motion for entry of a default judgment is denied. See also Career Placements, Inc. v. Sibilia, 71 Misc. 2d 345, 346 (Nassau Cty Dist. Ct. 1972) ("There is nothing to show that defendant dwelt at the premises to which the summons was 'mailed and nailed.'")

B. The Corporate Defendant

Fed. R. Civ. P. 4(h) establishes two methods by which service can be effected on a corporation within a judicial district of the United States. Under the first, service can be made by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). The second method by which service can be made on a corporation is pursuant to the law of the jurisdiction in which the District Court is located or service is effected, both New York in the present case. Service on a corporation in New York is governed by CPLR 311, which states that service can be made by delivering a copy of the summons and complaint "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR 311(a)(1). As the corporate defendant is alleged to be a New York corporation, (Cmplt. at 1), service can also be effected pursuant to New York Business Corporations Law § 306, which authorizes service on the New York Secretary of State. Plaintiff has not submitted any evidence whatsoever

6

documenting any attempted service on the corporate defendant under any of the various means available to it. Plaintiff's motion for entry of a default judgment against the corporate defendant is therefore denied.

III. Conclusion

For the reasons set forth above, Plaintiff's motion for the entry of a default judgment is DENIED. Because it does not appear that proper service was effected upon either of the defendants within the applicable time period, see Fed. R. Civ. P. 4(m); (Docket Entry # 4), Plaintiff is hereby directed to submit within thirty (30) days of this Order a brief explaining why this case should not be dismissed for failure to effect proper service. Failure to do so will result in dismissal.

IT IS SO ORDERED.

/S/ HON. SANDRA J. FEUERSTEIN
_____
Sandra J. Feuerstein
United States District Judge

Dated: September 1, 2005
Brooklyn, New York